UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

CLIFFORD L. RISNER andChapter 7
ANDREA A. RISNER,Case No. 25-40457-TJT
Hon. Thomas J. Tucker

Debtors.
_____/

## MOTION FOR ORDER AUTHORIZING
## TRUSTEE TO COMPROMISE CLAIMS

Stuart A. Gold, the Chapter 7 Trustee of Clifford L. Risner and Andrea A. Risner, by his attorneys Gold, Lange, Majoros & Smalarz, P.C., requests this Court enter an Order, pursuant to Fed. R. Bankr. P. 9019 and 9014, Authorizing Compromise of Claims. (See Exhibit 1).

IN SUPPORT of this Motion, the Trustee states:

### Jurisdiction

1.This Motion is brought pursuant to Fed. R. Bankr. P. 9014 and 9019(a).

2.This is a core proceeding over which this court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(B) & (H).

### Facts

3.On January 17, 2025, Clifford L. Risner and Andrea A. Risner ("the debtors") filed a voluntary petition under Chapter 7 Chapter 7 of Title 11 of the United States Code.

4. Stuart A. Gold is the duly appointed Chapter 7 Trustee of the bankruptcy estate.

5. The Trustee investigated the financial affairs of the debtor as well as transactions between the debtors and insiders. As a result of the investigation, the Trustee identified the following claims and property interests to be pursued and/or compromised:

    a. The bankruptcy estate's 100% membership interest in CLR Real Estate Holdings, LLC, a real estate brokerage firm and amounts withdrawn from the company after the bankruptcy filing.

    b. Debtors' transfer of $7,000.00 to third a third party to satisfy a debt of debtor's son Noah Risner.

    c. Debtors' transfer of money to buy a 2024 Chevrolet truck for debtor's son Christoher Risner.

6. The Trustee believes CLR Real Estate Holdings, LLC has value but notes it is not readily salable because it is essentially a personal service company dependent upon debtors' real estate licenses and post-petition services.

7. The Trustee believes that efforts to sell or to liquidate CLR Real Estate Holdings, LLC and recover the transfer to a third party and Noah Risner will be time-consuming, expensive, and subject to collection issues. Further, the estate's claim against Christopher Risner has already been resolved. Christopher Risner already turned over the 2024 Chevrolet truck, which the Trustee has already liquidated.

8. The debtors have agreed to pay the bankruptcy estate $19,000.00 in exchange for the specific and limited releases of their children and property described in

the proposed order. The terms of the settlement are set forth in detail in the attached proposed order.

9. The settlement between the parties is memorialized in the written Stipulation for Entry of Order Authorizing Compromise of Claims between the parties previously filed with the Court. There has been an extension of the deadline to object to the debtors' discharge.

10. To date, funds collected by the bankruptcy estate total $35,661.50. To date, the professional fees of Trustee's counsel total approximately $14,000.00. Trustee's counsel has agreed to voluntarily reduce fees as may be necessary to limit administrative expenses, to provide a meaningful dividend to creditors.

**Basis for Relief Requested**

11. The Trustee believes that this settlement is in the best interest of the estate and its creditors for the reasons, among others, that the costs of litigation, the defenses asserted and risk associated with litigation do not warrant further litigation in light of the favorable settlement.

12. It is generally held that the bankruptcy court may approve a settlement if it is fair and equitable and is in the estate's best interest. Reynolds v. C.I.R., 861 F.2d 469, 473 (6th Cir. 1988); In re American Reserve Corp., 841 F.2d 159, 161 (7th Cir. 1987).

13. Four factors are relevant to the bankruptcy court's review of a proposed compromise:

    (a) The probability of success in the litigation;

    (b) The difficulties, if any, to be encountered in the matter of collection;

(c) The complexity of the litigation involved, the expense, inconvenience, and delay necessarily attending it;

(d) The paramount interest of the creditors and a proper deference to their reasonable views in the premises;

<u>In re Jackson Brewing Co.</u>, 624 F.2d 605, 607 (5th Cir. 1980); <u>In re American Reserve Corp.</u>, 841 F.2d at 161; <u>In re Woodson</u>, 839 F.2d 610, 620 (9th Cir. 1998).

14. The Trustee, in recommending that this court approve the proposed compromise, has given due weight to the criteria set forth above and believes that the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate and its creditors.

15. The Trustee has provided notice to creditors of the proposed compromise of the claims in accordance with Fed. R. Bankr. P. 2002(a)(3) and E.D. Mich. LBR 9014-1.

WHEREFORE, the Trustee requests this Court enter the proposed order authorizing Trustee to compromise these claims and execute any necessary documents to consummate the settlement.

        GOLD, LANGE, MAJOROS & SMALARZ, P.C.

Dated: June 4, 2025    By: /s/ Elias T. Majoros
Attorneys for Trustee
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075
(248) 350-8220
emajoros@glmpc.com
(P41040)

H:\SAG TRUSTEE CASES\Risner, Cliff and Andrea\Compromise\Motion to Compromise Claims.pko.doc

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

CLIFFORD L. RISNER and  
ANDREA A. RISNER,

Chapter 7  
Case No. 25-40457-TJT  
Hon. Thomas J. Tucker

Debtors.
_____/

## ORDER AUTHORIZING COMPROMISE OF CLAIMS

This matter came before the Court upon the Stipulation for Entry of Order Authorizing Compromise of Claims (Docket # , the "Stipulation" ) and the Chapter 7 Trustee's Motion for Order Authorizing Trustee to Compromise Claims (Docket # , the "Motion"). The Motion and related notice to creditors were served on all parties on the matrix of creditors and the U.S. Trustee. No objections to the Motion were timely filed and served. The Court finds the relief requested is in the best interest of the bankruptcy estate, creditors and other parties in interest. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (H). Venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has reviewed the Stipulation, Motion and other pertinent pleadings is advised in the premises.

IT IS HEREBY ORDERED as follows:

1. The Motion is granted.

# EXHIBIT 1

2. Clifford L. Risner and Andrea A. Risner are jointly and severally liable to the bankruptcy estate in the amount of $19,000.00 ("the Liability"). Clifford L. Risner and Andrea A. Risner shall pay the balance of the Liability without interest in equal monthly payments of $1,000.00 beginning on June 10, 2025, and on the 10th day of each consecutive month thereafter until December 10, 2026, when the balance of the Liability is due and payable in full. All checks shall be made payable to "Stuart Gold Trustee of Risner" delivered in c/o Elias T. Majoros, Esq., 24901 Northwestern Hwy., Suite 444, Southfield, Michigan 48075. In the event of any default, the Trustee shall provide Clifford L. Risner and Andrea A. Risner's bankruptcy counsel with electronic notice of default. If the default is not cured within ten (10) calendar days after the date on which Trustee provides notice of default, then the Trustee will be entitled to take collection action against Clifford L. Risner and Andrea A. Risner under this Order as a joint and several judgment pursuant to Fed. R. Civ. P. 69(a) for the total Liability, less amounts previously paid on the Liability, along with reasonable attorney's fees incurred in collection of the Liability following default.

3. Upon entry of this Order and timely satisfaction of the Liability, and except for the Trustee's claim concerning the 2024 Chevrolet Colorado that has been previously satisfied. the Trustee and bankruptcy estate waive and release any and all causes of action, debts, liability and claims of any kind whether known, unknown, previously asserted or not against Noah Risner and Christopher Risner.

4. Upon entry of this Order and timely satisfaction of the Liability, and except for the bankruptcy estate's interest in CD Enterprise Group, LLC and MI Title, LLC, the

Trustee and bankruptcy estate waive and release any claims against CLR Real Estate Holdings, LLC and all property disclosed in Clifford L. Risner and Andrea A. Risner's original and amended bankruptcy schedules.

5. Upon entry of this Order, Clifford L. Risner and Andrea A. Risner waive and release any and all claims of any kind against the bankruptcy estate.

6. The Trustee may execute such documents and agreements and perform such acts on behalf of the bankruptcy estate as may be necessary and appropriate to implement, effectuate, and consummate the provisions of this Order.

7. Notwithstanding the provisions of Rule 62(a) of the Federal Rules of Civil Procedure and/or any other applicable rule or statutory provision, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry hereof.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

| | |
|---|---|
| CLIFFORD L. RISNER and<br>ANDREA A. RISNER, | Chapter 7<br>Case No. 25-40457-TJT<br>Hon. Thomas J. Tucker |
|      Debtors.<br>_____/ | |

42 Dickens Street
Spring Arbor, MI 49283
xxx-xx-6593
xxx-xx-4291

## NOTICE OF MOTION FOR ORDER AUTHORIZING
## TRUSTEE TO COMPROMISE CLAIMS

To:  ALL CREDITORS AND PARTIES IN INTEREST

Stuart A. Gold, the Chapter 7 Trustee of Clifford and Andrea Risner (the "debtors"), has filed a Motion for Order Authorizing Trustee to Compromise Claims. In the Motion, the Trustee requests authority from the Court to compromise the bankruptcy estate's interest in CLR Real Estate Holdings, LLC and alleged avoidable transfer claim against the debtors' son in exchange for payment of $19,000.00 to the bankruptcy estate and a release for their children and all disclosed scheduled property except for the bankruptcy estate's interest in CD Enterprise, LLC and MI Title, LLC. The proposed settlement will allow the Trustee to pay administrative expenses and is expected to provide for a significant distribution to creditors of the bankruptcy estate. A copy of the Motion is on file with the Bankruptcy Court.

Due to the time and cost of liquidation of the subject property, litigation and collection concerns, as well as the favorable settlement, the Trustee recommends that the Court approve the compromise of the bankruptcy estate's claims as indicated above.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

# EXHIBIT 2

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, within 21 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position, at[1]:

> United States Bankruptcy Court
> 211 W. Fort Street
> Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

> Elias T. Majoros, Esq.
> Gold, Lange, Majoros & Smalarz, P.C.
> 24901 Northwestern Highway, Suite 444
> Southfield, Michigan 48075

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

GOLD, LANGE, MAJOROS & SMALARZ, P.C.

Dated: June 4, 2025　　　　　　　　　By: /s/ Elias T. Majoros
　　　　　　　　　　　　　　　　　　　　Attorneys for Trustee
　　　　　　　　　　　　　　　　　　　　24901 Northwestern Highway, Suite 444
　　　　　　　　　　　　　　　　　　　　Southfield, Michigan 48075
　　　　　　　　　　　　　　　　　　　　(248) 350-8220
　　　　　　　　　　　　　　　　　　　　emajoros@glmpc.com
　　　　　　　　　　　　　　　　　　　　(P41040)

H:\SAG TRUSTEE CASES\Risner, Cliff and Andrea\Compromise\Motion to Compromise Claims.pko.doc

---

[1] Objection or request for hearing must comply with F.R. Civ. P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

CLIFFORD L. RISNER and
ANDREA A. RISNER,

    Debtors.
_____/

Chapter 7
Case No. 25-40457-TJT
Hon. Thomas J. Tucker

### CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, I electronically filed 1) Motion for Order Authorizing Trustee to Compromise Claims; 2) Notice of Motion for Order Authorizing Trustee to Compromise Claims; and 3) Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Office of the U.S. Trustee
211 W. Fort Street, Suite 700
Detroit, MI 48226

Aaron J. Kenyon, Esq.
Dietrich & Kenyon, PLLC
1427 West Saginaw Street, Suite 170
East Lansing, MI 48823

Stuart A. Gold, Esq.
Gold, Lange, Majoros & Smalarz, P.C.
24901 Northwestern Hwy., Suite 444
Southfield, MI 48075

and I also hereby certify that I have mailed by First Class Mail with the United States Postal Service Notice of Motion for Order Authorizing Trustee to Compromise Claims to the following non-ECF participants:

    All parties listed on the attached matrix of creditors.

Dated: June 4, 2025

/s/ Elias T. Majoros
Gold, Lange, Majoros & Smalarz, P.C.
24901 Northwestern Highway, Suite 444
Southfield, MI 48075
(248) 350-8220
emajoros@glmpc.com
(P41040)

H:\SAG TRUSTEE CASES\Risner, Cliff and Andrea\Compromise\Motion to Compromise Claims.pko.doc

# EXHIBIT 4